# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CV418-115 |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Michael Johnson seeks judicial review of the Social Security Administration's denial of his application for Disability Insurance Benefits (DIB).

## I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. The Clerk of Court is **DIRECTED** to update the caption accordingly.

affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[2] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

---

[2] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II. ANALYSIS

Johnson, who was 49 years old when his DIB claim was denied, alleges disability beginning on January 3, 2015. Tr. 153-54. He has a high school education and past work experience as a department manager at Home Depot. Tr. 38. After a hearing, tr. 30-55, the ALJ issued an unfavorable decision. Tr. 10-23. She found that Johnson's congestive heart failure, degenerative disc disease of the lumbar and cervical spine, and diabetes mellitus constituted severe impairments but did not meet or medically equal a Listing. Tr. 15-17. The ALJ thus found that Johnson retained the RFC for sedentary work except

> . . . [he can] occasionally climb stairs, balance, kneel, stoop, or crouch, but never climb ladders or crawl. The claimant should avoid concentrated exposure to extreme cold, extreme heat, irritants, such as fumes, odors, or gases, unprotected heights, and hazardous machinery. The claimant is further limited to occasional bilateral overhead reaching.

Tr. 17. Plaintiff, she determined, could not perform his past relevant work, but that there were jobs that existed in significant numbers in the national economy that he could perform. Tr. 21-22. Johnson disagrees,

arguing that the ALJ erred in her evaluation of the medical opinion evidence. Docs. 16 & 18.

An ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence, 20 C.F.R. §§ 416.927(d)(2), 946(c), based on the entire record, 20 C.F.R. §§ 404.1520a (evaluation of mental impairments), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony). The RFC represents the most a claimant can do despite his limitations, SSR[3] 96-8p, and it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctor's."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) (the ALJ has the responsibility for determining a claimant's

---

[3] Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

RFC).  And the ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation.  See Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").

Plaintiff argues that the ALJ erred in her evaluation of the opinions of treating physician Dr. Demicco.  Docs. 16 & 18.  Plaintiff also alleges that the ALJ failed to address the records or limitations associated with his gout.  Docs. 16 & 18.  Dr. Demicco completed an Impairment Questionnaire in which he opined that Johnson could stand or walk for two hours in an eight-hour work day, but only less than one hour at a time; he would need to lie down and/or elevate his legs for more than two hours in an eight-hour work day; he would need unscheduled breaks every hour for fifteen to thirty minutes, could remain at his workstation for a maximum of one to two hours per workday, and that plaintiff's medications would cause severe limitations.  Tr. 453-54.  The ALJ

accorded Dr. Demicco's opinion only partial weight finding that while the record supported the opinion that Johnson could stand or walk for a total of two hours in an eight-hour work day, the remainder of his opinions were discounted because "the progress notes from Dr. Demicco did not support the rest of his opinion. The claimant had normal gait, normal strength, and normal breath sounds at all examinations. . .". Tr. 21. The ALJ made no finding regarding plaintiff's gout.

As an initial matter, the plaintiff is correct that there was no finding regarding whether the medical evidence on gout was lacking for the relevant time period. While plaintiff is correct that a court would likely credit the ALJ's determination that there was not relevant evidence for the time period, he is also correct that it is not a determination that the Court gets to make at this stage. The ALJ must make the decision to credit or discredit the claims associated with gout. In the absence of such a determination, a remand for the consideration of plaintiff's gout is in order.

Further, the Court is disinclined to find that substantial evidence supports the ALJ's determination that Dr. Demicco's opinion was not supported by the record. An ALJ may discount a treating physician's

opinion if he gives good reasons for doing so. 20 C.F.R. §§ 404.1527(c)(2)-(3), 416.927(c)(2)-(3); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). While a treating physician's opinion is valuable to the ALJ's RFC assessment, it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole. *Astrue*, 365 F. App'x at 999 ("the task for determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c)(the ALJ has the responsibility for determining a claimant's RFC). Indeed, the ALJ need not adopt every limitation assessed by a *credited* medical source, nor must his RFC assessment mirror the opinion of every doctor. *Adams v. Comm'r Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014) (an ALJ's decision need not address every limitation in a physician's report as long as the written decision is clear that the ALJ considered both the physician's opinion and the plaintiff's condition as a while); 20 C.F.R. §§ 404.1527(b), (c); 416.927(b),(c). The ALJ credited Dr. Demicco's opinions only partially by relying on what appear to be notes regarding

7

plaintiff's breath sounds when he appeared for evaluation. However, the ALJ made no findings regarding Dr. Demicco's repeated assertions in the treatment notes that plaintiff suffered significant effects from his congestive heart failure including recurrent syncopal episodes, periods of breathlessness, and blackouts. Tr. 351 (noting falls secondary to blackouts); 355 (noting syncope and a drop attack); 376 (noting air hunger, need to stop what is doing to recover). The ALJ must also evaluate these treatment notes to determine whether plaintiff can work. While the ALJ is entitled to formulate the RFC, she is not entitled to pick and choose the evidence to be used in making a disability determination. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) ("We are constrained to conclude that the administrative agency here . . . reached the result that it did by focusing on one aspect of the evidence and ignoring other parts of the record. In such circumstances we cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports the decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.").

## III. CONCLUSION

In conclusion, the ALJ improperly discredited and failed to address medical opinion evidence within the record and a remand is warranted to properly incorporate those findings into the RFC. For the reasons set forth above, this action should be **REMANDED** to the Social Security Administration for further proceedings under 42 U.S.C. § 405(g).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this <u>31st</u> day of January, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA